MURPHREE, JOHN A. H., Associate Judge.
This appeal involves the reasonableness of compensation paid to an executor and to the attorneys for the executor for partial ordinary services performed in the administration of a decedent’s estate.
Arthur C. Frizzell died and left an estate of considerable complexity valued at $3,-614,000.00, according to the first annual accounting by the executor, The First National Bank in Fort Myers. The executor and the firm of attorneys representing the executor filed petitions in the Probate Court for the allowance of ordinary compensation for the first annual period of administration. Before the petitions were acted upon the executor paid itself $40,000.00 and its attorneys $45,000.00 for ordinary services for that period, contending that oral withdrawals of the petitions had been made and that it was therefore proper under the law to make such payments without prior court order.
Objections were filed by the interested parties to the executor’s annual account and *246 particularly to the amount of compensation which had been paid to the executor and to the attorneys for the executor.
Considerable testimony was taken at the hearing upon such objections. The probate judge approved the accounting as meeting the requirements of law but disallowed the amount of compensation for ordinary services paid to the executor and to the attorneys for the executor. It was ordered that the executor return to the estate $20,000.00 and that the attorneys return $20,000.00, thus fixing the executor’s ordinary compensation for the first annual period at $20,000.00 and the attorney’s ordinary compensation at $25,000.00.
The contestants were in agreement that the total statutory fee allowable to the executor for ordinary services in the complete administration of the estate would amount to $90,000.00.
The contestants also were in apparent agreement that a reasonable fee for the attorneys for the executor for ordinary services in the complete administration of the estate would amount to approximately $90,000.00, based upon the minimum bar schedule of fees for the area and the oral testimony of competent and experienced counsel in the field of probate law. It was estimated that from four to five years from the beginning would probably be required to completely administer the estate. The dispute therefore boiled down essentially to the rate at which compensation for ordinary services had been advanced.
The overwhelming weight of the testimony was to the effect that at least 60% of all ordinary services for complete administration of the estate were performed by the executor and its attorneys, during the first year, as was to be expected in the administration of an estate of this nature.
In view of such testimony, it follows that the Probate Court was not justified in reducing the compensation in question. Having so decided it is not necessary to belabor the other questions raised on this appeal.
The Order of the Probate Court requiring repayment to the estate of $20,000.00 by the executor and $20,000.00 by the attorneys for the executor is hereby reversed.
ALLEN, Acting C. J., and SHANNON, J., concur.